**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| MON ETHOS PRO CONSULTING, LLC,<br><br>       Plaintiff,<br><br>v.<br><br>RAYMONT EDMONDS,<br><br>       Defendant. | **DOCKET NO: 1:19-CV-11234-ADB**<br><br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant Raymont Edmonds, (hereinafter "Defendant" or "Mr. Edmonds") hereby submits his First Answer to Plaintiff Mon Ethos Pro Consulting, LLC's (hereinafter " MEPC") Complaint as follows:

## PARTIES

1.      Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore denies the same.

2.      Admitted.

## FACTS

3.      Paragraph 3 is admitted in part and denied in part.  Defendant Edmonds was approached on-line by David Whitaker, owner of MEPC with respect to entering into an alleged contract. Defendant executed the alleged contract on August 9, 2018.  However, after reviewing the terms of the contract, Edmonds through legal counsel revoked the offer of acceptance by letter dated August 16, 2018 (attached and marked Exhibit "A").  Defendant is without

knowledge as to the remaining allegations contained in Paragraph 3 of the Complaint and therefore said allegations are denied.

4.      Defendant is without knowledge to form a belief as to the allegations contained in Paragraph 4 of the Complaint. Answering further, the document referenced in Paragraph 4 speaks for itself.

5.      Paragraph 5 is admitted.

6.      Paragraph 6 is admitted in part and denied in part.  While it is admitted that Plaintiff's contract provided that Plaintiff would be entitled to receive 30% from Mr. Edmonds gross earnings, it is specifically denied that Defendant Edmonds agreed to this provision of the contract. Answering further, the document referenced in Paragraph 6 speaks for itself.

7.      Paragraph 7 is admitted in part and denied in part.  While it is admitted that Plaintiff's contract provides for an indemnity and hold harmless clause, it is denied that Mr. Edmonds did, in fact, agree to these specific provisions. Answering further, the document referenced in Paragraph 7 speaks for itself.

8.      Paragraph 8 is admitted in part and denied in part.   While it is admitted that Plaintiff's contract provided that Mr. Edmonds pay Plaintiff in perpetuity compensation, it is specifically denied that Edmonds agreed to this specific provision of the contract. Answering further, the document referenced in Paragraph 8 speaks for itself.

9.      Paragraph 9 of the Complaint states a legal conclusion for which no answer is required.  To the extent than an answer is required, Mr. Edmonds denies the allegations of Paragraph 9 of the Complaint. Answering further, the document referenced in Paragraph 9 speaks for itself.

10.     Paragraph 10 of the Complaint states a legal conclusion for which no answer is required.  To the extent than an answer is required, Mr. Edmonds denies the allegations of Paragraph 10 of the Complaint.

**COUNT I**
**BREACH OF CONTRACT**

11.     Paragraph 11 is incorporation paragraph.  Defendant incorporates Defendant's responses 1 through 10.

12.     Paragraph 12 of the Complaint states a legal conclusion for which no answer is required.  To the extent than an answer is required, Mr. Edmonds denies the allegations of Paragraph 12 of the Complaint.

13.     Paragraph 13 of the Complaint states a legal conclusion for which no answer is required.  To the extent that an answer is required, Mr. Edmonds denies the allegations of Paragraph 13 of the Complaint.

14.     Defendant Edmonds is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and therefore denies the same.

15.     Paragraph 15 of the Complaint states a legal conclusion for which no answer is required.  To the extent that an answer is required, Mr. Edmonds denies the allegations of Paragraph 15 of the Complaint.

16.     Paragraph 16 of the Complaint states a legal conclusion for which no answer is required.  To the extent that an answer is required, Mr. Edmonds denies the allegations of Paragraph 16 of the Complaint.

17.     Paragraph 17 of the Complaint states a legal conclusion for which no answer is required.  To the extent that an answer is required, Mr. Edmonds denies the allegations of Paragraph 17 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

MEPC's claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

MEPC's claims are barred, in whole or in part, because at all times relevant to this case Defendant acted reasonably, in good faith, and in accordance with his legal duties, rights, and obligations.

## THIRD AFFIRMATIVE DEFENSE

MEPC's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, acquiescence, unclean hands, and because MEPC has not suffered harm.

## FOURTH AFFIRMATIVE DEFENSE

MEPC's claims are barred, in whole or in part, because MEPC should be estopped from pursuing its claims and/or requested relief by reason of its own actions and course of conduct.

## FIFTH AFFIRMATIVE DEFENSE

MEPC's claims are barred, in whole or in part, because Defendant's conduct was justified, privileged or otherwise not improper.

## SIXTH AFFIRMATIVE DEFENSE

MEPC's claims are barred, in whole or in part, because MEPC's damages, if any, must be reduced to the extent it failed to mitigate them.

## SEVENTH AFFIRMATIVE DEFENSE

MEPC's claims are barred, in whole or in part, because Defendant complied with contractual conditions.

## EIGHTH AFFIRMATIVE DEFENSE

MEPC's claims are barred, in whole or in part, because MEPC has not sustained (and will not sustain) any damages.

## NINTH AFFIRMATIVE DEFENSE

MEPC's claims are barred because this court lacks personal jursidction over Defendant.

## TENTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that he intends to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserves the right to amend his Answer and to assert any such defense by appropriate motion.

## JURY DEMAND

Defendant requests a trial by jury on all claims so triable.

[The remainder of this page is intentionally left blank.]

Respectfully submitted,

Raymont Edmonds,

By his attorneys:

*/s/ Maureen T. DeSimone*

_____

Mark M. Whitney, Esq. (BBO # 637054)
Maureen T. DeSimone, Esq. (BBO # 703358)
WHITNEY LAW GROUP, LLC
160 Washington Street
Marblehead, MA 01945
P: (781) 631-4400
E: mwhitney@whitneylawgroup.com
E: mdesimone@whitneylawgroup.com
*Local Counsel for Defendant*

John H. Rushford, Esq.
CAFARDI, FERGUSON, WYRICK, WEIS + STOTLER, LLC
2605 Nicholson Road, Suite 2201
Sewickley, PA 15143
(412) 515-8900
jrushford@cfwws.com
*Lead Counsel for Defendant*

Dated: June 9, 2019

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the following counsel by first-class U.S. Mail and a courtesy copy sent by e-mail this 9th day of June 2019:

*Counsel for Plaintiff:*                              *Lead Counsel for Defendant*:

Ronald W. Dunbar, Jr., Esq.                    John H. Rushford, Esq.
Dunbar Goloboy, LLP                            Cafardi, Ferguson, Wyrick, Weis + Stotler, LLC
197 Portland Street, 5th Floor                 2605 Nicholson Road, Suite 2201
Boston, MA 02114                               Sewickley, PA 15143
(617) 244-3550                                 (412) 515-8900
dunbar@dunbarlawpc.com                         jrushford@cfwws.com


                              */s/ Maureen T. DeSimone*
                              Maureen T. DeSimone, Esq.